Good morning. Good morning. May it please the Court. Kara Hartzler, Federal Defenders, on behalf of Mr. Fultz. Ms. Hong and I are also counsel in the next case, Jackson, and we've conferred and we think that we can probably cover most of the issues in both cases because they're pretty much the same. But we're happy to do whatever the Court would like. All right. Well, let's proceed and see how we go. I'm always happy to have you cede your time back in the Jackson case if you feel like you've adequately covered all the issues. And we know the Court has a busy morning, so we'll do our best. So there's two main issues in this case, in both of these cases. The first issue is whether the residual clause of 18 U.S.C. 924C is void for vagueness, and then the second issue is whether the statute at issue here could alternatively satisfy the force clause. Now, as to the first issue of the void for vagueness, as the Court is probably aware, that is now pending before the Supreme Court in a case called Davis. We expect a decision out by June, and so I think it doesn't necessarily make sense for this Court to decide that issue. Ms. Hong and I are both happy to have the Court wait on that issue. So I'll focus most of my comments on the second issue of whether robbery in a federal jurisdiction could alternatively satisfy the force clause. And I just want to clarify your position. If we decide that 2011 is a crime of violence under the force clause, then we don't need to reach the other issue that the Supreme Court will be deciding, U.S. v. Davis, correct? That's right. We would lose. But let me try and convince you that that's not the case. So what I'd like to do is sort of take a step back and look at the statutory scheme, because I think the government has pointed out correctly that there are other statutes, other federal robbery statutes that contain the same clause, this taking by force and violence or by intimidation. And while 2111 has that same clause, we think that 2111 is fundamentally different, and I'll tell you why. First of all, it's different than the carjacking statute, the carjacking robbery statute of 2119. And one of the reasons for that is because the carjacking statute, while it contains the same clause, it also contains an additional clause that says that the taking must be with the intent to commit or with the intent to cause great bodily harm or death. By contrast, 2111 doesn't have that. So 2111 is actually the type of federal robbery statute where it doesn't require you to intend to carry out your threat. It's much more of sort of the type of snatching taking that the Supreme Court recently talked about in Stokelyne, where there need not be any kind of victim resistance. So that's one reason why we think that this case, this statute, is different than some of the others that this court has found to be a crime of violence. I'll go ahead and compare it to another statute, the federal bank robbery statute. In bank robbery, you have a situation where it's a federally insured bank, and you have a person who's coming in, usually premeditated, and it's a very public crime with other people around where the person basically sort of is threatening, if you don't give me money, I will cause you harm and take that money. By contrast, 2111 is basically, it could be, for instance, committed by a person who goes into a 7-Eleven on a military base and grabs a bag of chips out of someone's hand. And that's why we think that the gold tooth case is actually really relevant here, because that's exactly the kind of just quick, spontaneous snatching of property and walking away that the Supreme Court has held really would not be the kind of crime of violence that would satisfy the force clause. And so that's basically our reasons why we think that the 2111 is a different animal altogether than other statutes that this court has held to be a crime of violence. And that's pretty much what I wanted to say and my points I wanted to get out. If the court would have any other questions, I'm happy to answer them, but otherwise I think I'll reserve the rest of my time. All right. Thank you. Good morning, Your Honors, and may it please the Court. Helen Hong on behalf of the United States. So as Ms. Hertzler explained, this case does turn on what the meaning of force and violence or by intimidation is. And this court has said in neighboring statutes that contain the identical language that force and violence or by intimidation necessarily and categorically includes or is a crime of violence under the force clause. There's no different result that should obtain here. The identical language is used for robbery in 2111 as it is used for bank robbery in 2113, as it is used for carjacking in 2119. The distinctions that Ms. Hertzler has identified are distinctions without a difference in light of the statutory language at issue here. Indeed, this court in Gutierrez held that force and violence would obviously constitute a crime of violence under the force clause. That same result obtains here. In Watson, this court held the same. Both cases held that the term intimidation includes the threatened use of physical force. And really the Supreme Court's recent decision in Stokelyn confirms that the terms force and violence, particularly if they're used in robbery schemes and robbery statutes, means the type of violent force that Congress intended when it enacted 924C. And no different result is required for the purposes of 2111. And as Your Honor noted, if this court does find that 2111 is a crime of violence, just as 2113 and 2119 are, then this court need not wade into whether 924C3B, the residual clause, is also vague. Goldtooth, Your Honors, does not establish a reasonable probability that robbery offenses can be committed by snatching. We are unaware of any conviction under 2111 that would have occurred with mere snatching without intimidation. We don't think the court needs to address whether Goldtooth actually found a robbery had occurred because the court never addressed it. But the facts of Goldtooth alone reflect that there was a type of intimidation that would have put an ordinary, reasonable person in fear of bodily harm. There were men that surrounded the victims at 2 a.m., one with a baseball bat, two with pocket knives. They surrounded the men. They asked them, the victims, if they had anything of value. They patted them down. Those are the types of actions that would constitute, and certainly enough for a reasonable jury to conclude, that the defendants had acted with intimidation, meaning they had threatened physical force, meaning they had committed a crime of violence. Unless the court has any questions, the United States is prepared to submit on that 2111 analysis. All right, I don't have any questions. I don't either. No questions. All right, thank you very much. Thank you, Your Honors. The matter is submitted for decision. Oh, I'm sorry. I promise we'll still get out of here in record time, but I'll just make a couple brief points. Take your time. We've got plenty of time on the Jackson case as well. Okay. All right. So I'll first start with the whole issue of realistic probability, and I think that's really what separates this case from the other statutes, from bank robbery under 2113 and carjacking under 2119. Basically, no one, no defendant has ever pointed to a case like Goldtooth that occurred under those statutes. And because of that, we don't necessarily, we aren't bound by the language of the clause, force and violence by intimidation. We have to look at how courts have interpreted the contours of that statute. And for the purposes of 2111, what this court has said is that basically the conduct at issue in Goldtooth would satisfy the 2111 statute, and there's no comparative cases. How does Goldtooth go square with Gutierrez? So Gutierrez basically, in terms of, first of all, I think in Gutierrez, what this court relied on in part was that extra clause that I mentioned earlier, that there has to be an intent to commit to cause great bodily harm or death. And so in Gutierrez, this court basically said, well, we're relying on that to say that this has to be an intimidation where you're ready to cause harm, to use physical force. And so that's why I think that this case is different than Gutierrez, because 2111 doesn't have that great bodily injury or death clause in it. Yeah, but, you know, in Goldtooth, the case was not remanded because 2111 robbery couldn't be accomplished by a mis-snatcher with de minimis use of force. Is that right? That's right. And actually, what happened, though, is in Goldtooth, this court said that a robbery had been committed. It didn't doubt that the conduct in Goldtooth satisfied the definition of 2111. It basically vacated the convictions for another reason, because in that case there was an aiding and abetting theory and they didn't know who was the principal and who was the aider and abetter. So even though there was no actual conviction, we agree, in Goldtooth, the Goldtooth court did say that a robbery had been committed. And so that's why the conduct at issue in Goldtooth is able to show us a realistic probability. Now, one of the other things that Ms. Hong said is that even if you look at Goldtooth, the actions there were intimidation, they were a threat of force. And we respectfully disagree with that, because what was basically going on in Goldtooth is that you had a bunch of young men who were acting tough. Now, when they were going over, granted, you know, they seemed like they were doing some harassment, but you didn't have any sort of conduct that would necessarily rise to the level of, you know, if they don't give me this tobacco, then basically I'm going to cause them harm. I'm trying to, you know, threaten great bodily harm, death, use of force, that sort of thing. And I think the other thing that we can look at in Goldtooth is the fact that in Goldtooth the actual taking of the tobacco, the snatching of the tobacco was completely separate from the question of whether they had, in other words, they didn't snatch the tobacco while they were holding a baseball bat at the person. They were basically waiting for the guy to roll them a cigarette. They were kind of harassing him. They were standing around. They nudged him a little bit. But then when they actually went to grab the tobacco, that wasn't the result of intimidation. It wasn't them standing there saying, give me that tobacco or I'm going to hit you. They grabbed it. They walked away. And that's exactly the kind of conduct that is the sort of de minimis, not a threat or an intimidation of violent force the way that the statute would require. And so unless the court has any further questions, I will submit on that. All right. Any questions, Judge Gold? Thank you, counsel. Thank you, Robin. U.S. versus Jackson.
judges: Gould, Nguyen, Marbley